# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re: | |
| PATRICIA BEATRIZ MEDRANO MEZA a/k/a PATRICIA MEDRANO | Case No. 12-10287 -RGM (Chapter 13) |
| Debtor. | |
| AMERICAN HONDA FINANCE CORPORATION, | |
| Movant, | |
| v. | Contested Matter<br>Motion for Relief from the Automatic Stay (Docket Entry 48) |
| PATRICIA BEATRIZ MEDRANO MEZA a/k/a PATRICIA MEDRANO, RODOLFO P. CABRERA VALLE and THOMAS P. GORMAN, TRUSTEE, | |
| Respondents. | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the debtor's Emergency Motion to Vacate or Modify the Order for Relief of Stay of American Honda Finance Corporation and Order American Honda Finance to Return Vehicle to Debtor (Docket Entry 60) and her Motion to Expedite Motion to Vacate or Modify the Order for Relief of Stay of American Honda Finance Corporation and Order American Honda Finance to Return Vehicle to Debtor (Docket Entry 61). For the reasons stated below, the motions will be denied.

American Honda Finance Corporation filed a motion for relief from the automatic stay on August 27, 2012, and properly served it on the respondents that day. Responses were due on

1

September 17, 2012. The trustee filed his response on August 28, 2012, interposing no objection to the requested relief. The debtor and co-debtor did not file a response. On September 18, 2012, an order granting the relief requested was entered by the court. The scheduled hearing on September 19, 2012, was removed from the docket.

The debtor filed her motion to vacate the September 18, 2012 order on October 11, 2012, along with a motion for an expedited hearing. The motion recites that on September 27, 2012, debtor's counsel contacted counsel for the creditor and requested a payment history so that the debtor could determine what payments she had missed. The payment history was sent the same day it was requested. Although debtor's counsel stated that a copy was attached to her motion to vacate, it was not attached. It is, therefore, not possible to determine whether the payment history sent on September 27, 2012, was the same as the one the creditor attached to its August 27, 2012 motion for relief from the stay. On October 10, 2012, the vehicle was repossessed. A sale is imminent.

The debtor acknowledges that she is two payments in arrears post-petition. She asserts that while she thought she had included them in the modified chapter 13 plan confirmed on September 7, 2012, they were, in fact, not included in the plan.

The debtor asserts that she needs the repossessed vehicle, that it would be "highly prejudicial" to her and her creditors if she cannot recover the vehicle, and that it is "essential for her completion of the plan payments." She acknowledges that her husband also has a car that he uses to commute to work.

The motion for an expedited hearing will be denied. LBR 9013-1(N) requires a certification by counsel that she (1) has carefully examined the matter and concluded that there is a true need for an expedited hearing; (2) has not created the emergency through any lack of due diligence; and (3)

has made a bona fide effort to resolve the matter without hearing. No certification was attached to the motion. Nor does it appear that the certification could be made. The emergency was created by the lack of due diligence in failing to response timely to the motion for relief from the automatic stay and in failing to diligently follow-up after the order for relief was granted.

Even if there were a hearing, relief would be denied on the motion to vacate the order. The request is, essentially, a motion to alter or amend under Fed.R.Bankr.Proc. 9023 which incorporates Fed.R.Civ.Proc. 59. The debtor had ample opportunity to present any defenses she may have had, but failed to do so. The defense she suggests would not have been sufficient in any event. The motion for relief was founded on cause, the failure to make two of eight post-petition payments. 11 U.S.C. §362(d)(1). The debtor acknowledges this to be true. The debtor's allegation that she needs the vehicle to get to work to make the required payments under the plan addresses the second element of 11 U.S.C. §263(d)(2). It is not relevant in this case.

Upon consideration of which, it is

ORDERED that the debtor's Emergency Motion to Vacate or Modify the Order for Relief of Stay of American Honda Finance Corporation and Order American Honda Finance to Return Vehicle to Debtor (Docket Entry 60) and her Motion to Expedite Motion to Vacate or Modify the Order for Relief of Stay of American Honda Finance Corporation and Order American Honda Finance to Return Vehicle to Debtor (Docket Entry 61) are DENIED.

Alexandria, Virginia
October 12, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

18068